Jones, J.
 

 Counsel for plaintiffs in error urge in argument that certain provisions of Section 1214, General Code (107 O. L., 129), in force when this improvement was instituted, violate the Fourteenth Amendment of the Federal Constitution and Section 1, Article II, of our state Constitution. Particularly, the claim is made that that part of said Section 1214, General Code, which authorizes the county commissioners by unanimous vote to increase the percentage of the cost and expense of the improvement to be assessed against abutting property in excess of 10 per cent (thereby incidentally relieving the county and township from their full percentage), and assessing the increased aggregate against abutting property owners, amounting in this case to an aggregate percentage of 25 per cent, is unconstitutional and void.
 

 Section 1214, General Code, which was then in force, and is now being attacked, provides that, except as otherwise provided in the act, the county shall pay 25 per cent and the township 15 per cent of the cost and expense of the improvement; that 10 per cent thereof shall be borne by the property abutting, provided the total amount assessed against the abutting property does not exceed 33 per cent of its taxable value. No claim is made that the assessment upon the property exceeds 33 per cent of its valuation in this case. The clause in
 
 *57
 
 Section 1214, General Code, ■which is now challenged for invalidity, is as follows:
 

 “Provided, however, that the county commissioners hy a resolution adopted by unanimous vote may increase the per cent, of the cost and expense of the improvement to be specially assessed and may order that all or any part of the cost and expense of the improvement contributed by the county and the interested township or townships be assessed against the property abutting on the improvement.”
 

 Then follow provisions whereby apportionment of the amounts to be paid by the owners assessed is made against the lands within one-half mile or one mile on either side of the improvement, “according to the benefits accruing to the land so located.”
 

 The highway improvement under consideration, for a distance of 4.04 miles, lies wholly in Green township, Fayette county, Ohio. It is an integral part of intercounty highway No. 259, and was inaugurated by separate proceedings and let under a separate contract for its construction as a single separate improvement. It was inaugurated and let as section P.
 

 The Court of Appeals specifically found that intercounty highway No. 259 in Fayette county had been divided into four sections, which had been improved at different times, and that separate legislation had been enacted for each section; that assessments for the improvement thereof were made according to sections; and that section P constitutes a separate improvement, and a separate contract was let therefor. Ve are of opinion that section P, while a part of the state highway scheme, consti
 
 *58
 
 tuted a separate and complete improvement within the purview of our highway improvement law, irrespective of any other sectional improvement theretofore or thereafter constructed as a part of intercounty highway No. 259.
 

 However, conceding this to be true, counsel for plaintiffs in error urge that such a construction of the provisions of the law under consideration would empower the county commissioners of Fayette county, by dividing a highway into separate sections, to fix higher percentages against abutting lands in one sectional improvement in the county than might be fixed against abutting lands in another or adjoining section, where benefits were equal and similar. It is conceivable that the commissioners might do so, but if they did, while such exercise of power might result in arbitrary and capricious action on their part, it would not impair either their power to act or the constitutionality of the law.
 

 In the case of
 
 Reeves
 
 v.
 
 Treasurer of Wood County,
 
 8 Ohio St., 333, 344, it is said:
 

 “It has been strongly urged, that this power is peculiarly liable to abuse. It is liable to be
 
 abused;
 
 perhaps peculiarly so. But so is all government, and all governmental powers. * * * And the fact that a power is liable to be abused affords no conclusive argument against its existence.”
 

 To the same effect is the opinion of Ranney, C. J., in
 
 Hill
 
 v.
 
 Higdon,
 
 5 Ohio St., 243, 245, 67 Am. Dec., 289.
 

 The law contemplates the proper exercise of this power by the county commissioners and connotes official action that is fair, just, and reasonable in every sectional improvement, having due regard not
 
 *59
 
 only to its cost and expense under varying conditions, but to the benefits accruing to the land abutting. It is now well established that the general assembly has full and complete legislative power to create special taxing districts and to allocate the cost and expense of an improvement upon the lands in such districts according to benefits.
 
 Reeves
 
 v.
 
 Treasurer, supra; Thompson
 
 v.
 
 Treasurer of Wood County, 11
 
 Ohio St., 678, 680;
 
 Sessions
 
 v.
 
 Crunkilton, Treasurer,
 
 20 Ohio St., 349, 358;
 
 Bowles
 
 v.
 
 State,
 
 37 Ohio St., 35;
 
 Carlisle
 
 v.
 
 Hetherington,
 
 47 Ohio St., 235, 24 N. E., 488.
 

 Similar acts have been held to be constitutional, even if the special taxing districts overlap various political subdivisions;
 
 Chesbrough
 
 v.
 
 Commissioners,
 
 37 Ohio St., 508;
 
 State, ex rel. Fritz, Pros. Atty.,
 
 v.
 
 Gongwer, Auditor,
 
 114 Ohio St., 642, 151 N. E., 752.
 

 Excluding bridges and culverts, the provisions of the act here challenged allocated 50 per cent of the cost of improvement upon the county, township, and abutting property, respectively, in the proportions of 25 per cent, 15 per cent, and 10 per cent. The legislative power to make those allocations cannot be and, as we understand it, is not here questioned; but if that power be conceded it follows as a corollary that, if in the first instance the Legislature could have levied a special assessment of 25 per cent on abutting property according to benefits, it could frame its legislation authorizing the commissioners to so increase the percentages against the abutters as to make the ultimate aggregate assessment equivalent to 25 per cent. This the commissioners did by unanimous vote, under the terms
 
 *60
 
 of the statute; although their action incidentally relieves the county and township from a part of their contribution to the cost and expense of the improvement.
 

 The real gist of this suit, as disclosed in the petition and argument in its support, relates more to a discriminatory exercise of their powers by the county commissioners than to the constitutional invalidity of the law authorizing the increased assessment. This case was filed in this .court as of right, presumably on 'constitutional grounds solely. Only these grounds have been urged and are here decided. While arbitrary and discriminatory action on the part of the commissioners is pleaded in the petition, in view of the finding of the Court of .Appeals in favor of the defendants in error, that the assessments were made “according to benefits and that said assessments are not unreasonable or excessive,” we have confined ourselves solely to the constitutional question presented. Had the appellate court found, as a fact, that the county commissioners had grossly and abritrarily abused the powers confided to them, the case would assume a different aspect, and, in case they had exhausted their legal remedies, the plaintiffs in error might invoice the interposition of a court of equity.
 
 Thompson
 
 v.
 
 Treasurer, supra.
 
 But the fact, if it be a fact, that such commissioners had previously imposed a percentage assessment upon lands abutting on another improved highway section in the same county, which percentage is less than that assessed against these plaintiffs in error in this proceeding, where varying conditions and benefits to abutting land may be involved, does not
 
 ipso facto
 
 evidence arbitrary ac
 
 *61
 
 tion and gross abuse of power upon the part of such commissioners.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Day, Allen, Kinkade, Robinson, and Matthias, JJ., concur.